UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 25-172 |
| LELAND ROBERTS | SECTION "A" |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss Indictment Based on Failure to Institute This Prosecution Within the Statute of Limitations (Rec. Doc. 28)** filed by the defendant. The government opposes the motion. For the following reasons, the Court **DENIES** the motion.

This case involves a conspiracy to submit fraudulent claims for unnecessary genetic testing. The indictment alleges that the defendant, Leland Roberts, along with several co-conspirators executed the scheme to defraud Medicare through Luminus Diagnostics LLC ("Luminus") from March 2018 through July 2021. Roberts was the chief executive officer ("CEO") and owner of Luminus until February 28, 2020.[1] He then sold the company and pivoted to a consultant role until July 2021.[2] Roberts allegedly lied under oath to continue the conspiracy and was receiving compensation derived from these fraudulent claims from Luminus until his co-conspirator admitted to the illegal arrangement on July 12, 2021.[3]

Approximately four years later, on June 20, 2025, Roberts was indicted on one count of conspiracy to commit health care fraud for his role in the conspiracy.[4] Prior to the indictment, the government engaged in extensive plea negotiations with Roberts, including presenting a detailed

---

[1] Rec. Doc. 1 ¶ 12.
[2] *Id.* at 5.
[3] Rec. Doc. 36, Gov.'s Opp. to Def.'s Mot. to Dismiss the Indictment, at 3.
[4] Rec. Doc. 1.

1

reverse proffer and entering into a tolling agreement.[5] The tolling agreement specified that the period from January 30, 2025, through April 30, 2025, would be excluded from any computation of time for the purposes of determining the statute of limitations.[6] Around April 16, 2025, the government confirmed with defense counsel that plea negotiations were ongoing and they agreed that charges would be deferred.

On May 5, 2025, the government contacted defense counsel regarding the status of the potential plea. Counsel for both parties met, and the government extended a plea offer with a proposed factual basis that had a February 2020 end-of-date scheme for Roberts. Defense counsel presented the offer to Roberts and asked that the government continue to defer any criminal charges. On June 2, 2025, the government emailed defense counsel for an answer on the plea agreement. And on June 9, 2025, defense counsel requested that the government leave the offer open for another seven days, in response to which the government agreed to only a two-day extension. On June 11, 2025, defense counsel asked for yet another two-day extension so that Roberts could "discuss the offer with his family." The government agreed to this extension but set a firm deadline of Friday, June 13, 2025. At the deadline, defense counsel informed the government that Roberts had rejected the plea offer.[7] Seven days later, on June 20, 2025, the indictment was returned.[8]

Now, Roberts brings this Motion arguing that the statute of limitations period resumed running on April 30, 2025.[9] Thus, based on the indictment return date of June 20, 2025, the statute of limitations deadline was March 20, 2025 (excluding three months from the computation of time

---

[5] Rec. Doc. 36 at 5.
[6] *Id.*
[7] *Id.*
[8] Rec. Doc. 1.
[9] Rec. Doc. 28, Mot. to Dismiss Indictment.

under the statute of limitations period).[10] Roberts contends that "indisputable evidence" shows that any illegal agreement alleged in the indictment ended no later than March 20, 2020. Therefore, the indictment is time-barred by the five-year statute of limitations.[11]

The government regards the Motion as the "culmination of a fruitless attempt to sandbag the government."[12] It argues that the months of continuing plea negotiations should be considered as an implied extension of the tolling agreement – resulting in a statute of limitations deadline of February 6, 2025.[13] Regardless of the computation of time, the government asserts that Roberts never withdrew from the conspiracy, and that the conspiracy did not end until 2021.[14] Finally, the government's opposition points out that Robert's arguments are inappropriate for a Rule 12 Motion to Dismiss because they concern factual disputes that must be decided by a jury.[15] The Court agrees with the government.

Federal courts allow an individual under investigation to enter into an agreement that tolls the statute of limitations in hopes that further discussion may result in a more favorable disposition or prevent an indictment altogether. *United States v. Spector*, 55 F.3d 22 (1st Cir. 1995). These agreements are contracts, and thus should be interpreted as any other contract. The Fifth Circuit has not directly addressed how to construe the implicit extension of a tolling agreement in a criminal case. However, it has held that when interpreting other contracts in criminal matters, such as plea bargains, courts should "look to the language of the contract, unless ambiguous, to determine the intention of the parties. Although circumstances surrounding the agreement's negotiations might indicate the intent of the parties, parol evidence is inadmissible to prove the

---

[10] Rec. Doc. 28-1 at 2.
[11] *Id.*
[12] Rec. Doc. 36 at 5.
[13] *Id.*
[14] *Id.* at 14.
[15] *Id.* at 16.

meaning of an unambiguous plea agreement." *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (citing *United States v. Ballis*, 28 F.3d 1399, 1410 (5th Cir.1994) (citation omitted). Here, the Statute of Limitations Tolling Agreement is clear "that the time period beginning on January 30, 2025, and continuing until 11:59 p.m. on April 30, 2025, shall be excluded from any calculation of time." Any exchange between the parties contemplating an extension of this tolling period is not admissible. Nevertheless, the motion to dismiss must be denied because it relies on disputed facts.

The fact that the statute of limitations began to run on March 20, 2020, does not mean that the indictment returned on June 20, 2025, is time-barred on its face. Instead, the government and Roberts have competing theories on when his participation in the conspiracy ended. When determining whether to dismiss an indictment on statute of limitations grounds, the Court tests the indictment "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Reitmeyer*, 356 F.3d 1313, 1316–17 (10th Cir.2004) (citing *United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir.1994)). In this case, the indictment alleges one overarching conspiracy that Roberts played a role in and benefited from until its end in July 2021. A "defendant who has joined a conspiracy continues to violate the law through every moment of the conspiracy's existence, and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot." *Smith v. United States*, 568 U.S. 106, 111 (2013) (cleaned up). So, Robert's conspiracy charge is timely if the government can show acts in furtherance of the conspiracy by any one of the conspirators within the five years prior to the return of the indictment. Further, Roberts is presumed to be a participant for the duration of the conspiracy unless he can overcome the presumption by proving his withdrawal. *Smith v. United States*, 133 S. Ct. 714 (2013).

The withdrawal from a conspiracy "starts the clock running on the time within which [that] defendant may be prosecuted and provides a complete defense when the withdrawal occurs beyond the applicable statute-of-limitations period." *Smith* 568 U.S. 111 (2013). To show a withdrawal from the conspiracy, a defendant "bears the burden of demonstrating affirmative acts inconsistent with the object of the conspiracy that are communicated in a manner reasonably calculated to reach conspirators." *United States v. Schorovsky*, 202 F.3d 727, 729 (5th Cir. 2000). Roberts argues that he made "unmistakable communications to all of the erstwhile (alleged) co-conspirators that any conspiratorial agreement was kaput" in July 2019 (before the statute of limitations deadline).[16] However, the question of when withdrawal occurred is a factual issue for the jury to decide and is not an appropriate basis on which to dismiss the indictment.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Indictment (Rec. Doc. 28) is DENIED**.

March 6, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[16] Rec. Doc. 28-1 at 7.